UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CHERLISA SMITH,

    Plaintiffs,

  v.

BALLY'S PARK PLACE, LLC
and FANTASEA RESORTS
MANAGEMENT CO., INC.,

    Defendants.

---

1:20-cv-17773-NLH-AMD

MEMORANDUM
OPINION & ORDER

**APPEARANCES:**

CASEY O. SROGONCIK
CLEARFIELD & KOFSKY
1617 JOHN F. KENNEDY BOULEVARD
SUITE 355
PHILADELPHIA, PA 19103

   *On behalf of Plaintiff*

TRACEY MCDEVITT HAGAN
REILLY, JANICZEK & MCDEVITT, PC
2500 MCCLELLAN BOULEVARD
SUITE 240
MERCHANTVILLE, NJ 08109

   *On behalf of Defendant Bally's Park Place, LLC*

ROBERT M. KAPLAN
MARGOLIS EDELSTEIN
100 CENTURY PLAZA
SUITE 200
MOUNT LAUREL, NJ 08054

   *On behalf of Defendant Fantasea Resorts Management Co, Inc.*

**HILLMAN**, District Judge

    WHEREAS, on December 2, 2020, Defendant Bally's Park Place, LLC removed Plaintiff's case from New Jersey Superior Court to

this Court stating that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a); and

WHEREAS, on December 4, 2020, this Court issued an Order to Show Cause to Bally's as to why the matter should not be remanded for lack of subject matter jurisdiction[1] because the notice of removal did not properly allege the citizenship of co-Defendant, Fantasea Resorts Management Co., Inc.[2] - the notice of removal must identify its state of incorporation and its principal place of business, and the notice only identified Fantasea's state of incorporation, New Jersey, and not where it has its principal place of business, see 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); and

---

[1] Federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation. Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

[2] The notice of removal properly pleaded that Bally's Park Place, LLC is a citizen of Delaware and Nevada because its sole member, Caesars Holding, Inc., is a citizen of Delaware (place of incorporation) and Nevada (its principal place of business). The notice of removal also properly pleaded that Plaintiff is a citizen of Pennsylvania.

WHEREAS, on that same day, Defendant Fantasea filed a motion to remand, arguing that because it is a citizen of New Jersey as averred in the notice of removal, removal was not proper under 28 U.S.C. § 1441(b)(2), which provides, "A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought"; but

WHEREAS, in its motion to remand, Defendant Fantasea fails to address: (1) whether Fantasea is indeed a citizen of New Jersey based on its state of incorporation and its principal place of business because it bases its motion to remand on the averment of its citizenship in the notice of removal, which is deficient; and (2) whether Fantasea was "properly joined and served" prior to Bally's removal, which is important because if Fantasea had not been "properly joined and served"[3] prior to

---

[3] It appears from the state court papers attached to Bally's notice of removal that Fantasea filed its answer to Plaintiff's complaint in state court on October 9, 2020.  (Docket No. 1 at 55.)  Thus is appears that Fantasea was "properly joined and served" prior to removal.  Fantasea, however, does not assert this point in their motion to remand, which is dispositive of whether removal was permissible, and an issue which the parties must raise.  See Encompass Insurance Company v. Stone Mansion Restaurant Incorporated, 902 F.3d 147, 152 (3d Cir. 2018) ("This Court has long held that the forum defendant rule is procedural rather than jurisdictional . . . ."); Rosario v. Hartford Fire Insurance Company, 2020 WL 1061094, at *3 (D.N.J. 2020) (citing Nelson v. Medtronic, Inc. (In re FMC Corp. Packaging Sys. Div.), 208 F.3d 445, 451 (3d Cir. 2000) (concluding "the District Court

3

removal, Bally's "snap removal" would be proper, see Encompass Insurance Company v. Stone Mansion Restaurant Incorporated, 902 F.3d 147, 152 (3d Cir. 2018) (holding that a "snap removal" of an action from state court prior to a forum defendant being properly joined and served is permissible under § 1441(b)(2)); and

    WHEREAS, instead of filing an amended notice of removal in response to the Order to Show Cause, on December 15, 2020, Bally's filed a "notice to withdraw notice of removal," which contains no reason for its request (Docket No. 6); but

    WHEREAS, such a request to withdraw a notice of removal, which is essentially an informal request to remand the action, is without effect if at the time of removal this Court had subject matter jurisdiction over the action, see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294-95 (1938) ("It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction. The same rule governs a suit originally brought in a state court and removed to a federal court,")); id. at at 292-93 (announcing long ago that "after removal, by stipulation, by affidavit, or by amendment of his pleadings,

---

exceeded its authority under section 1447(c) when it remanded these actions, *sua sponte*, based on what it identified as procedural defects in the petition for removal").

reduces the claim below the requisite amount, [ ] does not deprive the district court of jurisdiction"); but

WHEREAS, regardless of Fantasea's motion to remand and Bally's request to withdraw its notice of removal, the Court will nevertheless remand this action for lack of subject matter jurisdiction because the notice of removal remains deficient as to the citizenship of Fantasea, and the time for Bally's to amend its notice of removal to properly aver the citizenship of Fantasea expired on December 19, 2020; and

WHEREAS, because the removal petition does not properly establish this Court's subject matter jurisdiction under 28 U.S.C. § 1332(a);

THEREFORE,

IT IS on this ___14th___ day of __January__, 2021

ORDERED that the action be, and hereby is, REMANDED to New Jersey Superior Court, Law Division, Atlantic County.


At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

5